UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JOANN SIMMONS,**

    **Plaintiff,**

v.                                                                    **Case No: 5:16-cv-20-Oc-PRL**

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

## ORDER

Plaintiff appeals the administrative decision denying her application for Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, the Commissioner's decision is **REVERSED AND REMANDED.**

**I.    BACKGROUND**

Plaintiff filed an application for DIB benefits, alleging disability beginning June 1, 2012. (Tr. 148–51, 162). The claim was denied initially, and upon reconsideration. (Tr. 87–92, 98–104). At Plaintiff's request, a hearing was held before Administrative Law Judge Edgardo Rodriguez-Quilichini (the "ALJ"), who then issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 17–38, 39–62, 104).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Tr. 22). At step two, the ALJ determined that Plaintiff had the following severe impairments: back disorder (cervicalgia, lumbago); hyperlipidemia; hypertension; tobacco dependence; and cellulitis and abscess. (Tr. 22–25).

At step three, the ALJ found that Plaintiff did not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 25). Next, the ALJ found that Plaintiff retained the following residual functional capacity ("RFC"):

> [C]laimaint has the [RFC] to perform less than a full range of light work as defined in 20 CFR 404.1567(b). She can lift, carry, push and/or pull twenty (20) pounds occasionally and ten (10) pound frequently. She can stand and walk for approximately six (6) hours and can sit for approximately six (6) hours in an 8-honr workday with normal breaks. She can climb stairs, balance, stoop, kneel, crouch and crawl occasionally, but should never climb ladders or scaffolds. She must avoid concentrated exposure to extreme cold and humidity. She must avoid exposure to vibration, unprotected heights and hazardous machinery.

(Tr. 25–32).

At step four, the ALJ determined that Plaintiff was able to perform her past relevant work as a cleaner or a cashier. (Tr. 33). Thus the ALJ found that Plaintiff was not disabled from June 1, 2012, through the date of the decision. (Tr. 33).

Then, the Appeals Council denied Plaintiff's Request for Review, making the hearing decision the final decision of the Commissioner. (Tr. 1–6). With her administrative remedies exhausted, Plaintiff filed the instant appeal. (Doc. 1).

## II. STANDARD OF REVIEW

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson*, 402 U.S. at 401); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

Nevertheless, "[t]he Secretary's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

**III.    DISCUSSION**

Plaintiff argues on appeal that the ALJ erred by failing to state the weight he accorded to a medical opinion he received after the hearing but before he rendered his decision. I agree with Plaintiff. Because I find that remand is necessary on this ground, I do not reach her other argument. *See Freese v. Astrue*, No.8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. April 18, 2008) (citing *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)).

Plaintiff contends that the ALJ failed to state the weight given to the opinion of Jorge A. Salazar, M.D., who she alleges treated her at Lifestream Behavioral Center on January 21, 2014, February 18, 2014, and April 15, 2014 for bi-polar disorder.[1] (Tr. 317–31). The ALJ cited to and summarized the medical records from these visits in his decision. (Tr. 30–31).

But about two months after the June 6, 2014 hearing, Plaintiff submitted a Mental Impairment Questionnaire completed by Dr. Salazar. (Tr. 351–54). It is appears from the record that the ALJ received this questionnaire into the evidence and marked it as received "Subsequent to hearing." (Tr. 37); *see* HALLEX I-2-7-20, *Claimant Requests Additional Time To Submit Evidence After The Hearing* ("When a claimant or appointed representative (if any) submits posthearing evidence . . . , the ALJ or HO staff under the ALJ's direction, will: [1] Mark the evidence as an exhibit; [2] Add the exhibit to the List of Exhibits under the heading "RECEIVED SUBSEQUENT TO THE HEARING" (see HALLEX I-2-6-30); and [3] Place the exhibit in the

---

[1] The Commissioner attempts to re-characterize Plaintiff's argument as a challenge to the ALJ's step-two finding that her mental impairments were not severe (Df.'s Br. at 3–14), but Plaintiff is clearly not contesting the step-two analysis—she presents a clear challenge to the ALJ's consideration of a medical opinion under *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011). (Pl.'s Br. at 8–11). In any event, the ALJ had a duty to consider Plaintiff's "non-sever" impairments when he assessed her RFC. 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity.").

claim(s) file.").[2]  Six days after receiving the questionnaire, the ALJ rendered his decision without mentioning the questionnaire or stating what weight, if any, that he accorded it.  Notably, the Commissioner does not dispute that the questionnaire was before the ALJ or that the ALJ failed to state what weight he accorded to it.  (Df.'s Br. at 12–13).

In his questionnaire, Dr. Salazar stated that Plaintiff suffers from what appears to be bi-polar disorder (the doctor's handwriting is difficult to read, but his previous reports also diagnosed her with bi-polar disorder (Tr. 317–18, 321, 329)) and that Plaintiff exhibits numerous signs and symptoms, including difficulty in thinking and social withdrawal.[3]  (Tr. 351).  Importantly, he stated that Plaintiff has marked limitations in both activities of daily living and maintaining social functioning and she experiences deficiencies of concentration, persistence, and pace often, which result in the failure to complete tasks in a timely manner.  (Tr. 354).  He further stated that Plaintiff experiences four or more episodes of decompensation in work or work-like settings each month; that she would be absent from work more than four times a month due to her impairments; and that she would on average be unable to work twenty days out of the month.  (Tr. 353–54).

---

[2] The HALLEX is the Hearings, Appeals, and Litigation Law Manual for the SSA.  *See* https://www.ssa.gov/OP_Home/hallex/I-01/I-1-0-1.html ("Through HALLEX, the Deputy Commissioner for Disability Adjudication and Review conveys guiding principles, procedural guidance, and information to Office of Disability Adjudication and Review staff. HALLEX defines procedures for carrying out policy and provides guidance for processing and adjudicating claims at the hearing, Appeals Council, and civil action levels.").

[3] The Commissioner's brief appears to assert that this appeal is the first time Plaintiff has argued that she suffers from a mental impairment and thus (the Commissioner implies) she has waived this argument (Df.'s Br. at 5); yet Plaintiff (or her counsel) clearly mentioned that she suffers from mental impairments (and has been treated for such impairments) during the hearing.  (Tr. 43, 51, 61) (noting that Plaintiff suffers from anxiety or bi-polar disorder, that she has been treated for mental issues at Lifestream Behavioral Center, and that her physical and *mental* problems may cause her to miss more than four days of work per month).

As a general matter, a SSA claimant is free to submit evidence at any time before the ALJ renders a decision.[4] 20 C.F.R. § 404.1512 ("In general, you have to prove to us that you are blind or disabled. You must inform us about or submit all evidence known to you that relates to whether or not you are blind or disabled. This duty is ongoing and requires you to disclose any additional related evidence about which you become aware. This duty applies at each level of the administrative review process . . . ."); HALLEX I-2-6-78, *Closing The Hearing* ("Before closing the hearing, the administrative law judge (ALJ) will remind the claimant that he or she must inform the ALJ about or submit, in its entirety, all evidence known to him or her that relates to whether he or she is blind or disabled."). So, when a claimant submits post-hearing evidence before the ALJ renders a decision, the ALJ is under a duty to consider that evidence. *Sulzer*, 2016 WL 944267 at *2 ("Notwithstanding the concerns articulated over the manner in which Plaintiff submitted [post-hearing evidence by facsimile] to the ALJ, her submission was permitted by the applicable regulations of the Social Security Administration."); *Tyner v. Colvin*, No. 3:14-CV-645-J-MCR, 2015 WL 4080718, at *3 (M.D. Fla. July 6, 2015) ("It is unclear why the ALJ did not make [the post-hearing evidence] part of the record, . . . particularly since it was the ALJ's duty to develop the record."); *Keaton v. Astrue*, No. 1:12-CV-46-GRJ, 2013 WL 69155, at *4 (N.D. Fla. Jan. 4, 2013) ("The ALJ's written decision is silent on [the post-hearing evidence] and therefore the Court concludes that remand is appropriate for further consideration and explanation by the ALJ."); *Bagley v. Astrue*, No. 3:08-CV-591-J-JRK, 2009 WL 3232646, at *8 (M.D. Fla. Sept. 30,

---

[4] This rule does not hold true in all districts. *Compare Lord v. Apfel*, 114 F. Supp. 2d 3, 13 (D.N.H. 2000) ("The SSA's regulations and directives allow for a claimant to submit additional evidence after an administrative hearing but before the ALJ renders her decision. Because the post-hearing evidence was made part of the record before the ALJ issued her decision, the fact that the evidence was submitted after the hearing is irrelevant.") (citing 20 C.F.R. §§ 404.936(a), 404.944) *with Sulzer v. Comm'r of Soc. Sec.*, No. 614CV01650ORL41TBS, 2016 WL 944267, at *2 (M.D. Fla. Mar. 14, 2016) (noting that when a claim is filed in Maine, New Hampshire, Vermont, Massachusetts, Rhode Island, or Connecticut, the claimant must submit all evidence no less than five days before the claimant's hearing under 20 C.F.R. § 405.331(a)).

2009) ("[I]t was error for the ALJ to ignore the [evidence submitted post-hearing] letter. Remand is appropriate so that the ALJ may address [the post-hearing evidence] and state with particularity the weight it is given").[5]

And this duty to consider post-hearing evidence is consistent with the ALJ's general duty to consider all the evidence before him or her. *See generally Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) ("Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'") (quoting *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979)); *Bagley*, 2009 WL 3232646 at *8 ("The law is clear that the ALJ must consider all evidence in the case record when making a determination of disability."). Thus, though the opinion at issue here was submitted to the ALJ after the hearing, the ALJ was still under a duty to consider the opinion before rendering his decision. *See Sulzer*, 2016 WL 944267 at *2 (concluding "that the ALJ committed legal error by failing to address [post-hearing evidence] in her final decision"); *Tyner*, 2015 WL 4080718 at *3 (remanding where "the ALJ completely failed to mention any of this post-hearing evidence in his decision"); *see also Keaton*, 2013 WL 69155 at *4 ("Because the ALJ failed to even mention the opinions [submitted post-hearing] there is no finding of the weight, if any, the ALJ accorded to th[ose] opinions . . .

---

[5] *But see Leland v. Colvin*, No. 1:13CV71-CAS, 2014 WL 25453, at *11 (N.D. Fla. Jan. 2, 2014) (holding that "[b]ecause the Plaintiff did not sustain her burden of establishing that [evidence submitted after the hearing] were part of the record before the ALJ, the Court finds no error in the ALJ's failure to consider them" when the ALJ explicitly left the record open for twenty days after the hearing, the plaintiff failed to submit the evidence within that time, and "[t]here [wa]s no cover letter in the record requesting an extension of time or requesting the ALJ to review the" evidence).

."); *Bagley*, 2009 WL 3232646 at *8 ("The ALJ's failure to address [the post-hearing] letter amounts to a total rejection of what the letter contains.").

Given that the ALJ had a duty to consider Dr. Salazar's opinion, I note that by now the law is clear that "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 631 F.3d at 1179. Further, the ALJ must accord substantial or considerable weight to a treating physician's medical opinion and medical evidence unless there is good cause not to do so.[6] *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). Accordingly, the ALJ erred by failing to state the weight given to Dr. Salazar's opinion.

Further, I cannot say that the error is harmless. The RFC does not provide for any mental restrictions at all. (Tr. 25–26). Yet Dr. Salazar's opinion reflects significant limitations: according to the doctor, Plaintiff has marked limitations in daily activities; has marked limitations in social interactions (which would likely affect her ability to work as a cashier, see DICOT 211.462-010 *Cashier II*, 1991 WL 671840 (stating that the occupation of cashier involves significant interaction with people); has deficiencies in concentration, persistence, and pace resulting in the failure to timely complete tasks; would miss more than four days of work of month (the Vocational Expert testified at the hearing that a claimant with this degree of absenteeism would be unable to sustain any job (Tr. 61)); and would be unable to work twenty days a month on average. Indeed, this is simply not the case where the ALJ harmlessly failed to mention an

---

[6] Although the Commissioner argues that Dr. Salazar is not a treating physician under 20 C.F.R. § 404.1502 (Df.'s Br. at 10–11), the doctor's interactions with Plaintiff were not limited to a single, "one-time" examination. *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987) (noting that the opinions of "one-time" examiners are not entitled to deference); *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986) (same). Instead, it appears, as the ALJ acknowledged in his opinion (Tr. 30–31), that the doctor saw Plaintiff on three separate occasions over a four-month period. (Tr. 317–31). In any event, the ALJ had a duty to state what weight he gave to Dr. Salazar's opinion whether the doctor treated Plaintiff or not. *See McClurkin v. Soc. Sec. Admin.*, No. 14-15425, 2015 WL 5166045, at *2 (11th Cir. Sept. 4, 2015) (noting that "it is clear from our decision in *Winschel* that the explanation requirement applies equally to the opinions of treating physicians and non-treating physicians").

opinion that was consistent with the RFC. *Compare Tyner* 2015 WL 4080718 at *3 (finding an ALJ's failure to mention post-hearing evidence significant because the "evidence tends to support Plaintiff's position") *with Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (noting that it is harmless error when an ALJ fails to state the weight accorded to opinions that do not directly contradict the ALJ's findings). To be sure, the Commissioner cites a plethora of evidence to show that Dr. Salazar's opinion is due no weight at all and is otherwise patently deficient (Df.'s Br. at 3–14), but the Court cannot make these determinations without invading "the province of the ALJ." *Sulzer*, 2016 WL 944267 at *2.

In sum, it is, of course, possible that the ALJ considered and rejected Dr. Salazar's opinion regarding Plaintiff's mental impairments, but without stating any grounds for his rejection, I cannot determine on this record whether the ALJ's conclusion is "rational and supported by substantial evidence." *Winschel*, 631 F.3d at 1179. Any further effort to make this determination, in the absence of any effort to do so by the ALJ, would require me to improperly re-weigh the evidence and make factual findings. *See, e.g.*, *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (noting that the reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner") (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983) (brackets omitted)).

**IV. CONCLUSION**

For the reasons stated above, it is **ORDERED** that the ALJ's decision is **REVERSED** under sentence four of 42 U.S.C. § 405(g) and **REMANDED** for further proceedings consistent with this Order. The **Clerk is directed** to enter final judgment for the **Plaintiff** and **close the file**.

**ORDERED** in Ocala, Florida on January 18, 2017.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties